IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Derek B. Williams,                              )
                                                )
                    Plaintiff,                  )
                                                )    Civil Action No. 5:25-cv-13775-BHH
v.                                              )
                                                )    **ORDER**
T. Kerr; K. Cheek; M. Burns; and               )
Dir. Baker,                                     )
                                                )
                    Defendants.                 )
_____ )

This matter is before the Court upon Plaintiff Derek B. Williams' ("Plaintiff") *pro se*

complaint.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C.,

the matter was referred to a United States Magistrate Judge for preliminary review.

On February 5, 2026, the Magistrate Judge issued an order notifying Plaintiff that

his complaint was subject to summary dismissal for failure to state a claim and granting

Plaintiff additional time to file an amended complaint to cure the identified deficiencies.

(ECF No. 15.)  Plaintiff did not file a response to the Magistrate Judge's Order.

Accordingly, on May 21, 2026, the Magistrate Judge issued a report and

recommendation ("Report"), outlining the issues and recommending that the Court

summarily dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure for failure to comply with a court order, based on Plaintiff's failure to file an

amended complaint to cure the identified deficiencies.  (ECF No. 21.)  The Magistrate

Judge's Report was returned as undeliverable, but Plaintiff has not provided the Court with

an updated address.  (ECF No. 23.)

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right

to file written objections to the Report within fourteen days of being served with a copy.  To

date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, the Court has reviewed the record and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 21), and the Court dismisses this action without prejudice in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

July 16, 2026
Charleston, South Carolina

2